UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>WINCHESTER CAMPBELL PROPERTIES, LLC, et al.,<br><br>    Defendants. | Case No.18-cv-04153-VKD<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

In this action, plaintiff Scott Johnson asserts claims against defendants Winchester Campbell Properties, LLC ("Winchester"), Doctor's Associates, Inc. ("DAI"), Amir A. Elmjouie, and Does 1-10 for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. Dkt. No. 1. DAI moves to dismiss Mr. Johnson's amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] Dkt. No. 31. The Court heard oral argument on the motion on December 4, 2018. Dkt. No. 36.

Having considered the parties' moving papers and arguments made at the hearing, the Court denies DAI's motion to dismiss.

## I. BACKGROUND

Mr. Johnson is a level C-5 quadriplegic who relies on a wheelchair for mobility. Dkt. No. 21 ¶ 1. He also has significant manual dexterity impairments. *Id.* The First Amended Complaint ("FAC") alleges that in March 2017, April 2018, and May 2018, Mr. Johnson visited a Subway

---

[1] All named parties have consented to magistrate judge jurisdiction. Dkt. Nos. 7, 9, 17, 37.

1 restaurant located at 2006 Winchester Boulevard in Campbell, California. *Id.* ¶¶ 10-13, 18. During these visits, Mr. Johnson observed that the Subway restaurant lacked a compliant, accessible parking space and that its entrance door hardware is a pull bar style that requires tight grasping to operate, in violation of the ADA and the Unruh Act. *Id.* ¶¶ 19-36.

Mr. Johnson filed this action on July 12, 2018 against Winchester and Mr. Elmjouie, contending that they own the Subway restaurant he visited and the real property where the Subway is located. Dkt. No. 1. He filed the FAC naming DAI as an additional defendant on September 14, 2018. Dkt. No. 21. Mr. Johnson contends that DAI operates the Subway restaurant. *See* Dkt. No. 38.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate—those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction."), *overruled on other grounds by United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015). The Court has a continuing obligation to ensure that it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff always bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe*

*Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

"Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678, 66 S. Ct. 773, 90 L. Ed. 939 (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983). The Supreme Court has determined that jurisdictional dismissals are warranted "where the alleged claim under the Constitution or federal statues clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682–83.

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

### A. General Order 56

As a threshold matter, Mr. Johnson argues that DAI's motion violates this District's General Order 56 and should be denied on that basis. General Order 56 states in relevant part: "All other discovery and proceedings are STAYED unless the assigned judge orders otherwise." Mr. Johnson asserts that General Order 56 "automatically stays all litigation proceedings" until after mandatory mediation takes place, and that "if a party wishes to engage in discovery, motion work, or other proceedings, they can file a motion for administrative relief." Dkt. No. 32 at 2.

Several judges in this District have had occasion to consider this same argument and have concluded that General Order 56 does not stay all proceedings in an ADA case, but instead stays only discovery and similar proceedings, and "dictates an early case management process that has been tailored to ADA access cases filed in this district." *Johnson v. Sebanc*, No. 18-cv-00585-DMR, 2018 WL 3159699, at *2 n.2 (N.D. Cal. June 28, 2018). In particular, judges in this District have concluded that General Order 56 does not bar the filing of a motion challenging the pleadings. *Johnson v. 1082 El Camino Real, L.P.*, No. 5:17-cv-01391-EJD, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018); *Moralez v. Whole Foods Market, Inc.*, 897 F. Supp. 2d 987, 993 n.2 (N.D. Cal. 2012) (holding that the cited language "plainly refers to discovery issues, and does not bar a defendant from moving to dismiss on res judicata grounds"); *Che v. San Jose/Evergreen Cmty. College District Found., et al.*, No. 17-381 BLF, Dkt. No. 34 at 2 (N.D. Cal. May 26, 2017) ("Upon further review of General Order 56, the Court concludes that the language imposing a stay on '[a]ll other discovery and proceedings' does not clearly encompass the filing of an answer or motion in response to a complaint.").

This Court likewise finds that General Order 56 does not bar DAI from bringing a motion to dismiss for lack of subject matter jurisdiction, but even if the Order did bar such motions, the Court exercises its discretion to permit DAI's challenge here. *See* General Order 56 ¶ 9.

### B. DAI's Rule 12(b)(1) Motion

Title III's anti-discrimination provision applies to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The parties do not

4

dispute that the Subway restaurant qualifies as a place of public accommodation under section 12182(a). DAI argues that it cannot be liable for a Title III violation because, as a franchisor, it does not "operate" the Subway restaurant. Dkt. No. 31 at 4–5. The ADA does not explicitly define "owns, leases (or leases to), or operates," but the Ninth Circuit has interpreted "to operate" to mean "to put or keep in operation," "to control or direct the functioning of," or "to conduct the affairs of; manage." *Lentini v. Cal. Center for the Arts, Escondido*, 370 F.3d 837, 849 (9th Cir. 2004).

It is not clear whether DAI asserts a facial or factual challenge to the Court's jurisdiction, but either way, DAI's challenge cannot succeed. If DAI's challenge is facial, the Court finds that the allegations in the FAC are sufficient to invoke federal question jurisdiction under 28 U.S.C. § 1331 for violation of the ADA. Mr. Johnson has alleged that he cannot walk and that his manual dexterity is significantly impaired, that the Subway restaurant is a place of public accommodation, and that defendants who own, lease, or operate the Subway restaurant failed to maintain an accessible parking space or door hardware that does not require tight grasping. Dkt. No. 21 ¶¶ 1, 15-52. These allegations are sufficient on their face to invoke federal jurisdiction under the ADA. *Safe Air for Everyone*, 373 F.3d at 1039; *see also Warth*, 422 U.S. at 501. DAI does not argue that Mr. Johnson's ADA claim was made solely for the purpose of obtaining federal jurisdiction or is otherwise wholly insubstantial or frivolous. *Sun Valley Gas.*, 711 F.2d at 140; *Bell*, 327 U.S. at 682–83.

If DAI's challenge is factual, that challenge also fails, as DAI did not (1) provide any support for the contention that Congress intended "operates" to be jurisdictional in nature, as opposed to a question to be resolved on the merits, or (2) offer any evidence to support its contention that it does not operate the premises. *See Safe Air for Everyone*, 373 F.3d at 1039. DAI relies entirely on attorney argument that as a franchisor it is exempt from liability under the ADA as a matter of law. As discussed below, DAI's legal argument lacks merit, and DAI has not otherwise articulated a factual challenge to this Court's subject matter jurisdiction.[2] *See St. Clair*,

---

[2] DAI argues that this Court lacks subject matter jurisdiction because Mr. Johnson lacks standing to bring suit. Dkt. No. 31 at 8. DAI's argument is simply a recharacterization of its primary

5

880 F.2d at 201.

The Court therefore denies Mr. Elliott's Rule 12(b)(1) motion. This Court has subject matter jurisdiction over Mr. Johnson's ADA claim and supplemental jurisdiction over his state law claim.

### C. DAI's Rule 12(b)(6) Motion

DAI broadly asserts that "[t]he text of [section 12182(a)] does not apply to franchisors" and that "[c]ourts have uniformly refused to saddle franchisors with liability for a franchisee's failure to comply with the ADA," but fails to cite to *any* case law whatsoever for that proposition. Dkt. No. 31 at 4–5. Moreover, DAI's contention is manifestly incorrect.

As discussed above, the Ninth Circuit takes a broad view of the term "to operate." *Lentini*, 370 F.3d at 849. An "operator" must have an active and significant degree of control over the access-related aspects of the facility in question. *See id.* (holding that an individual was an "operator" because he "was in a position of authority, having the ability to instruct the Center staff on who could or could not be admitted to the theater" and "in this position of authority, actively participated in the discriminatory acts"); *cf. Aikins v. St. Helena Hosp.*, 843 F. Supp. 1329, 1335 (N.D. Cal. 1994) (holding that an individual was not "operator" because he "ha[d] no authority to enact or amend hospital policy" and thus was not "in a position to ensure nondiscrimination").

In *Lentini*, the Ninth Circuit adopted the Fifth Circuit's construction of the term "operates" in *Neff v. Am. Dairy Queen Corp.,* 58 F.3d 1063, 1066 (5th Cir. 1995), *cert denied* 116 S. Ct. 704 (1996). *Lentini,* 370 F.3d at 849 ("We agree with the Fifth Circuit's guidelines for defining the scope of the verb "to operate" in this context."). In *Neff*, the Fifth Circuit held that the meaning of "operator" in the context of franchise agreements turns on whether the franchisor "specifically controls the modification of the franchises to improve their accessibility to the disabled." *Neff,* 58 F.3d at 1066 (emphasis added). Based on this reasoning, the Fifth Circuit concluded that the franchisor in that case was not an operator even though the franchising agreement gave it "the right to set standards for building and equipment maintenance and to 'veto' proposed structural

---

argument that franchisors cannot be held liable for ADA violations, which the Court rejects.

6

changes . . . ." *Id.* at 1068. Other courts, however, have held a franchisor liable for a Title III violation. *See, e.g.*, *United States v. Days Inn of America, Inc.*, 151 F.3d 822 (8th Cir. 1998) (concluding that even though franchisor did not serve as an "operator" of the Wall Days Inn, it may still bear liability under the "design and construct" provision of 42 U.S.C. § 12183).

Thus, whether a particular franchisor may be held liable under the ADA as an operator is a question of fact, not law. A franchisor's liability depends, at least in part, on the franchise agreement at issue and whether it gives DAI the requisite control over the access-related aspects of the restaurant. Mr. Johnson's FAC states few facts with respect to DAI, but it does plead that DAI "operates" the Subway restaurant, and that it participates with the other defendants in a "joint venture and common enterprise." Dkt. No. 21 ¶¶ 6-9, 14. DAI does not challenge this pleading as factually implausible under Rule 8(a)(2), but relies solely on the premise that a franchisor like DAI cannot be liable as a matter of law. Because this premise is incorrect, and because Mr. Johnson has pled that DAI operates the Subway restaurant, the Court concludes that Mr. Johnson has stated a claim for relief under the ADA against DAI.

With respect to Mr. Johnson's second claim for relief under the Unruh Act, the Unruh Act specifically provides that a violation of the ADA is also a violation of the Unruh Act. Cal. Civ. Code § 51(f). Because Mr. Johnson has stated a claim under the ADA, he has also stated a claim under the Unruh Act.[3] *Nevarez v. Forty Niners Football Co., LLC*, No. 16-CV-07013-LHK, 2017 WL 3288634, at *10 (N.D. Cal. Aug. 1, 2017) (finding plaintiff sufficiently alleged ADA claims and therefore could allege Unruh Act claim premised on ADA violation).

## IV. CONCLUSION

For the foregoing reasons, the Court denies DAI's motion to dismiss under Rules 12(b)(1) and 12(b)(6).

The Court notes that pursuant to General Order No. 56, the parties' last day to conduct a

---

[3] As currently pled, the FAC asserts a claim for violation of the Unruh Act solely based on the ADA violation; it does not assert an independent Unruh violation for "intentional discrimination in public accommodations in violation of the terms of the Act" or "willful, affirmative misconduct." *See* Dkt. No. 31 ¶¶ 53-57; *Cullen v. Netflix*, 880 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012) (citing *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 (2009)).

7

joint site inspection was October 25, 2018, and Mr. Johnson's last day to file a notice of need for mediation was December 6, 2018. Dkt. No. 5. Mr. Johnson did not file a notice of need for mediation by the December 6 deadline. The parties shall complete the joint site inspection by no later than **February 1, 2019**, and all other deadlines are adjusted accordingly.

**IT IS SO ORDERED.**

Dated: December 18, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge